# The Susquehanna Boom Co. *versus* Dubois *et al.*

1. Corporations, especially those whose existence and powers may be withdrawn at the will of the legislature, cannot enjoy the legislative grant without the correlative duty to perform its consideration.

2. The rule, that a power not clearly conferred must be deemed to be withheld, is a canon in the interpretation of private charters.

3. A supplement to the act incorporating a boom company provided, that by reason of the expense of erecting a new dam, the company might charge and collect as toll or boomage 85 cents per thousand feet, in lieu of 50 cents theretofore authorized. *Held,* that the erection of the dam was not a condition precedent to the right to collect the increase of toll.

March 25th 1868. Before THOMPSON, C. J., STRONG, READ, AGNEW and SHARSWOOD, JJ.

Appeal from the decree of the Court of Common Pleas of *Lycoming county :* In Equity.

A bill was filed June 7th 1867 by John Dubois, E. S. Lowe and a number of others, against the Susquehanna Boom Company, charging that defendant was a body corporate; that they had erected a boom on the West Branch of the Susquehanna river; that they were required to raft lumber in their said boom, and to deliver it to the owners thereof, for such toll or boomage as is authorized by law; that the plaintiffs were owners of lumber in said boom; that they were ready and willing to pay for boomage, &c., ninety cents per thousand feet, the amount to which the defendant was entitled as alleged by plaintiffs. That defendant refused to deliver said lumber except upon payment of one dollar and twenty-five cents per thousand feet, being an excess of thirty-five cents per one thousand feet beyond what the plaintiffs alleged the defendant was entitled to receive; and prayed that the defendant might be enjoined from demanding and collecting said excess of thirty-five cents per thousand feet, and required to deliver said lumber to the plaintiffs upon the payment of ninety cents, and account for, and pay over to the plaintiffs, such sum as had been received from time to time in excess of ninety cents per thousand feet.

The defendants answered that they were a corporation duly chartered, and were doing business as such, as charged in plain-

tiffs' bill of complaint; that previous to the 11th day of December 1866, they had no authority to collect more than ninety cents per one thousand feet; but on that day an act was approved, supplemental to the act of incorporation, which authorized them to collect one dollar and twenty-five cents per thousand feet. They pleaded the act of incorporation and its several supplements in bar.

The 1st section of the supplement of December 11th 1866, after authorizing the erection of a new dam, provides "That by reason of the expense of the erection of said dam, it shall and may be lawful for said company to charge and collect, as toll or boomage, eighty-five cents per thousand feet, board measure, in lieu of fifty cents, mentioned in the first section of supplement to said act of incorporation, certified to have become a law March 30th 1864, and it shall and may be lawful for said company to charge and collect, as toll or boomage, fifty cents for each and every board log turned through said dam, in lieu of eight cents, mentioned in the seventh section of the Act of 26th March 1846, entitled: 'An Act to incorporate the Susquehanna Boom Company:' also, that before proceeding to erect said dam, the company shall file its bond in one hundred and fifty thousand dollars, with sufficient sureties, to be approved by the Court of Common Pleas of Lycoming county, conditioned that the said company will pay all damages from their failure to construct a dam equal in convenience and security to any such upon the West Branch of the Susquehanna river, and to indemnify the landholders adjacent to said dam against losses or damages, of any nature whatever, that may accrue to their lands by reason of the construction of the same."

The bond required by this section was filed April 23d 1867. By the 2d section all laws inconsistent with this act are repealed.

The plaintiffs replied, admitting the supplemental act, but denying the right of defendants to collect the said one dollar and twenty-five cents; alleging that the erection and maintenance of the new dam was a condition precedent to the collection of said sum.

To this the defendants demurred, denying that the erection, &c., of the dam was a condition precedent.

The court (Jordan, P. J.), decreed, June 14th 1867, that the defendants be enjoined from demanding and collecting more than ninety cents per thousand feet; that they deliver to the plaintiffs their logs upon the payment of ninety cents per thousand feet, and refund to the plaintiffs thirty-five cents per thousand feet for all lumber that had been delivered, on which the plaintiffs had paid one dollar and twenty-five cents per thousand feet; and appointed a master to ascertain the amount so paid.

The report of the master was filed June 27th 1867, and confirmed by the court.

[Susquehanna Boom Co. v. Dubois.]

The defendants appealed, and assigned for error the decree of the court.

Subsequent to the appeal, on the 31st of January 1868, the defendants filed an affidavit that the dam had been fully erected and completed, and obtained a rule in the court below to show cause why the injunction should not be dissolved.

February 14th 1868, the court discharged the rule for want of jurisdiction, the record having been removed to the Supreme Court by the appeal.

*S. G. Thompson* and *J. W. Maynard* (with whom were *Bentleys & Eutermarks* and *H. C. Parsons*), for appellants, cited Criswell *v.* Clugh, 3 Watts 330; Spiegelmoyer *v.* Walter, 3 W. & S. 540; Todd *v.* Doyle, 17 S. & R. 346; Moyer *v.* Kirby, 14 S. & R. 162; Commonwealth *v.* Wellsboro' and Tioga Plank Road Co., 11 Casey 152; Gallagher *v.* Fayette Co. Railroad, 2 Wright 102; Pusey *v.* Wright, 7 Casey 396; Clark *v.* Birmingham Br. Co., 5 Wright 157; Monongehela Br. Co., *v.* Kirk, 10 Wright 113; Linton *v.* Br. Co., 1 Grant 414; Brewer *v.* Blougher, 14 Peters 198; United States *v.* Fisher, 2 Cranch 386; Sedgwick on Statutory and Constitutional Law 80; Commonwealth *v.* Slifer, 3 P. F. Smith 71; United States *v.* Palmer, 3 Wheaton 631; Levy *v.* McCartee, 6 Peters 110; Minor *v.* Bank, 1 Peters 46; Act of April 12th 1855, Pamph. L. 217, Purd. 124–125; Philadelphia and Erie Railroad *v.* Atlantic and Great Western Railway Co., 3 P. F. Smith 20; Ledlie *v.* Monongehela Co., 6 Barr 392; Brown *v.* Commonwealth, 3 S. & R. 276; Goundie *v.* Water Co., 7 Barr 233; Commonwealth *v.* Allegheny Br. Co., 8 Harris 189; Ames on Corp., chap. 80, p. 75; Elizabeth City Academy *v.* Bradsley, 6 Iredell's Law Reports 476; Tar River Navigation Co. *v.* Neal, 3 Hawks 320; Weiner *v.* Farnum, 2 Barr 150; Thomas *v.* Leland, 24 Wendell 65; Sharpless *v.* City of Philadelphia, 9 Harris 174; Bank *v.* Billings, 4 Peters 514; Enfield Br. Co. *v.* Hartford and New Haven Railroad Co., 2 Am. Railway Cases 69; Daniels' Chancery Practice, vol. 3, pp. 1926–1927, and note; Brightly's Equity, §§ 282, 293; Braddee *v.* Brownfield, 2 W. & S. 279; Seidenbender *v.* Charles, 4 S. & R. 166; Erie & N. E. Railroad Co. *v.* Casey, 2 Casey 288.

*W. H. Armstrong* and *J. W. Comley* (with whom was *R. P. Allen*), for appellees, cited Packer *v.* S. & E. Railroad Co., 7 Harris 218; Commissioners *v.* Gas Co., 2 Jones 320; Commonwealth *v.* Pittsburg & Connellsville Railroad Co., 12 Harris 159; Norris *v.* Johnston, 5 Barr 287; Shaw *v.* Turnpike Co., 2 Penna. R. 454; Brightly's Eq. § 799; Torr's Appeal, 1 Rawle 76.

[Susquehanna Boom Co. v. Dubois.]

The opinion of the Court was delivered, April 2d 1868, by

Agnew, J.—The Act of 11th December 1866 authorizing the Susquehanna Boom Company to erect a dam, and allowing an increase of toll, provides for no postponement of its operation. The grant of authority was immediate, and waited only upon the acceptance of the company. The company was not bound to accept the privilege, but when it did, the duty to fulfil the purpose of it arose. It could not charge the increase of toll allowed without subjecting itself to the supervising power of the court over it, as a corporation, to enforce performance of that duty. Corporations, especially those whose very existence and powers may be withdrawn at the will of the legislature, as in this instance, cannot reap the fruit of the legislative grant, without incurring a correlative duty to perform that which is made the consideration of it. The argument that the authority to take the increased toll must wait upon the completion of the dam, because the company may not see fit to erect it, is therefore without weight, for the duty may be enforced by the courts or by a legislative repeal.

The rule that a power not clearly conferred must be deemed to be withheld, is an admitted canon in the interpretation of private charters of incorporation, but it is inapplicable. The authority to take the increased toll is granted in terms most clear and unambiguous. "That by reason of the expense of the erection of the said dam, it shall and may be lawful for said company to charge and collect, as toll or boomage, eighty-five cents per thousand feet, board measure, in lieu of fifty cents, mentioned in the first section of supplement," &c. The only question is whether the time for charging the increased toll shall begin upon the acceptance of the law or on the completion of the dam. The legislative grant took effect, as we have seen, as soon as the company accepted it, and we cannot discover how the recital in the proviso itself, of the reason for giving the authority, differs in meaning from that which it would have had, had the recital been placed in a preamble to the act. The reason for conferring the authority to take additional toll, was the expense of erecting a new dam, but the legislature did not impose it as a condition. Had this been the intent, nothing was so easy or so probable as to express it. The instance put in argument of a turnpike or canal company, attempting to take toll before its road or canal is made, is wholly wanting in analogy. Here the boom company has its works constructed and in full operation, including an old, but now insufficient dam. It was in the power of the legislature, and might have seemed to it perfectly proper, to increase the toll for boomage without any further improvement, or, if it chose; as a means of assisting the company to construct new work.

It passed the act without any clause postponing its effect, and it granted this authority without any restriction whatever, upon

[Susquehanna Boom Co. *v.* Dubois.]

the time of its operation. A further evidence of the legislative intent to give immediate operation to the act is contained in the second section, repealing all laws inconsistent with the provisions of this act. Not a word is said as to the time of repeal, but it is left to take immediate effect. The restriction in the former act of the toll for boomage, to fifty cents per thousand feet, was therefore taken away at once. If a contrary intention prevailed in the first section, it is more than probable the repealing section would have expressed it also, so that the two sections should be consistent. Why then should we say that it was intended to place a condition upon the grant of authority, merely on the ground that the legislative reason for the grant was the expense of the erection of the dam? The argument might have some weight if no duty vested in the company, to begin and finish its dam in a reasonable time. But this we have seen is not correct, and that the corporation cannot omit to perform the correlative duty it assumed, when it accepted a privilege founded upon its undertaking to perform the work which was evidently its consideration.

We have not noticed the bond, said to be filed, for the reason that it is unnoticed in the pleadings, and because to do so would require us to give an interpretation to the language of its conditions not called for or proper at this time.

The decree of the court below is therefore reversed, the injunction set aside and the bill of the plaintiffs dismissed at their costs, including the costs of this appeal.